IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| BRIAN THOMAS LAMBERT,<br>    *Plaintiff*, | §<br>§<br>§ | |
| V. | § | CIVIL ACTION NO. 1:24-CV-159-H |
| | § | |
| COMMISSIONER, SOCIAL<br>SECURITY ADMINISTRATION<br>    *Defendant*. | §<br>§<br>§<br>§ | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE[1]

Pending before the Court is Plaintiff Brian Thomas Lambert's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (the "motion") [doc. 28], filed on December 1, 2025.[2] Based on the Plaintiff's motion and the attached documentation, the Court finds that such terms are reasonable under the terms of the Equal Access to Justice Act ("EAJA") statute as Plaintiff is a prevailing party and the Commissioner's position was not substantially justified.[3] The appropriate hourly rates for attorney fees for 2024 and 2025 are $250.32 and $254.81, respectively. The appropriate paralegal rate is $125.00 an hour. The attorney in this case worked 3.3 hours in 2024 and 45.3 hours in 2025. A paralegal worked 9.5 hours on this case. The Court finds, for the reasons stated in Plaintiff's motion and brief in support, that Plaintiff is entitled to a fee award under the EAJA in the amount of $13,556.45.

---

[1] This motion was referred to the undersigned on December 3, 2025, pursuant to 28 U.S.C. § 636(b)(1)(A). [doc.30]. The "Fifth Circuit has [not] weighed in on whether a post-judgment motion for attorneys' fees is a non-dispositive or dispositive matter[.]" *Exafer Ltd. v. Microsoft Corp.*, No. A-20-CV-00131-ADA, 2025 WL 2325757, at *2 (W.D. Tex. Aug. 12, 2025). However, the consensus among district courts within the Fifth Circuit is to treat post-judgment motions for attorney fees as a dispositive matter requiring a report and recommendation. *See id.* (collecting cases). Out of an abundance of caution, the undersigned issues a report and recommendation on this motion.

[3] Although Plaintiff represents in his motion that the Government objects to this award of attorney fees, as of the date of this Findings, Conclusions, and Recommendation, the government has not availed itself of its opportunity to respond to Plaintiff's motion.

Based on the foregoing, the Court **RECOMMENDS** that Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA") [doc. 28] be **GRANTED** in the amount of **$13,556.45.**

The Court further **RECOMMENDS** that full or partial remittance of the awarded attorney fees be contingent upon a determination by the Government that Plaintiff owes no qualifying, pre-existing debt(s) to the Government. If such a debt(s) exists, the Government will reduce the awarded attorney fees in this Order to the extent necessary to satisfy such debt(s).

The Court further **RECOMMENDS** that Plaintiff is awarded costs in the amount of $405.00 for the filing fee to initiate this civil action.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days)

**ORDER**

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **December 22, 2025**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections. It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December 8, 2025.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE